## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**ROBERT HOLMAN**                                                                                       **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-00372-JTK**

**ANDREW SAUL,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                                    **DEFENDANT**

### ORDER

**I.    Introduction:**

Plaintiff, Robert Holman ("Holman"), applied for disability benefits on December 19, 2017, alleging a disability onset date of March 24, 2015. (Tr. at 11). The claim was denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Holman's application. (Tr. at 21). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Holman has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

**II.    The Commissioner's Decision:**

The ALJ found that Holman had not engaged in substantial gainful activity since the alleged onset date of March 24, 2015. (Tr. at 13). The ALJ found, at Step Two of the sequential five-step analysis, that Holman had the following severe impairments: hepatitis C, degenerative disc disease of the lumbar spine, migraine headaches, hypertension, and obesity. (Tr. at 14).

At Step Three, the ALJ determined that Holman's impairments did not meet or equal a

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Holman had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations. (Tr. at 15). He could not climb ladders, ropes, or scaffolds, and could only occasionally climb ramps or stairs, and only occasionally balance, stoop, kneel, crouch, or crawl. *Id*. He could not perform occupations in the food or beverage industry. *Id*.

The ALJ found that Holman was unable to perform any past relevant work. (Tr. at 19). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Holman's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 20-21). Therefore, the ALJ found that Holman was not disabled. Id.

### III.   Discussion:

A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Holman's Arguments on Appeal

Holman contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the RFC did not fully incorporate his limitations and that the ALJ did not properly evaluate his subjective complaints. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Holman mainly complained of migraine headaches. He said that they were debilitating and that Topamax did not help. (Tr. at 34). However, he said that Botox helped, as did wearing sunglasses. (Tr. at 71, 493). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). A brain MRI and CT scan of the head were normal. (Tr. at 357, 441). Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Holman also did not go to the doctor often specifically for headaches, and did not have any medical records after May 2018 (the end of the relevant time-period was July 8, 2019). (Tr. at 21, 38). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). When Holman did go to the emergency room for treatment for headaches, he improved during his stay. (Tr. at 348, 450). He was treated conservatively, with doctors urging better diet and weight loss, and they told him that he should avoid caffeine and practice better sleep hygiene. (Tr. at 526, 625). He was told to keep a headache journal. At visits to a neurologist, neurological exams were grossly normal, and he said nasal spray helped. (Tr. at 648-657). He was told to follow up in a few months. *Id.*

Holman admitted he could do things like perform household chores, prepare meals, shop, drive, and do puzzles with his dad. (Tr. at 30-36). Such daily activities undermine his claims of

3

disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

As for hypertension, doctors noted that it was well-controlled. (Tr. at 18). Hepatitis C was stable. *Id.* Objective testing of the lower back showed mild findings, and range of motion in the back was generally normal. (Tr. at 484, 561). In November 2017, Holman said he was not taking medication for back pain. (Tr. at 540).

Holman argues that the RFC for light work did not incorporate his limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ considered the medical evidence, including the opinions of the reviewing medical experts, which stated that Holman could perform light work. (Tr. at 71-109). These opinions issued after all of the medical evidence was submitted. The experts considered the impairments in combination, and based their opinions on the benign medical evidence and Holman's improvement with treatment. Neurology exams were often normal and Holman could perform a variety of daily activities. No doctor placed any functional restrictions on Holman. The RFC fully incorporated Holman's limitations.

Holman's ability to perform daily activities was a factor the ALJ considered in his analysis of subjective complaints.[3] He also considered the nature of Holman's pain, his medications, and

---

[3] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage,

the objective findings. (Tr. at 51-21). He discussed conservative treatment and improvement over the relevant time-period. *Id*. He discussed the medical opinions. *Id*. His analysis of subjective complaints was complete.

## IV.  **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The assigned RFC properly incorporated all of the credible limitations, and the analysis of subjective complaints was proper. The finding that Holman was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is DISMISSED, with prejudice.

IT IS SO ORDERED this 12th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.